UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 3:14-CR-26 JD |
| | ) |
| ANDRE ALLAN FORBES | ) |

## OPINION AND ORDER

Defendant Andre Allan Forbes has already been sentenced, had his conviction affirmed on appeal, filed an unsuccessful motion to vacate his conviction and sentence under 28 U.S.C. § 2255, and had a certificate of appealability denied on an appeal from that order. He then filed a series of motions seeking to vacate his conviction, again with no success. Now, Mr. Forbes has yet again filed a motion, which he labels as a Rule 60(b)(3) motion, arguing that his sentence should be set aside.

As this Court has repeatedly explained to Mr. Forbes, this Court has no jurisdiction to consider a second or successive collateral attack on his conviction or sentence unless the court of appeals has granted authorization, which it has not. 28 U.S.C. § 2255(h); *Suggs v. United States*, 705 F.3d 279, 281–82 (7th Cir. 2013); *see also Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Though Mr. Forbes labels it a Rule 60(b) motion, his motion does not identify a defect in the original § 2255 proceedings—it argues that his underlying sentence is invalid. The motion thus constitutes an unauthorized successive § 2255 motion, which must be dismissed. *See Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018) ("[I]f a Rule 60(b) motion is, in its essence, merely asking for relief that one would ask for in a motion under § 2255, such a motion would be subject to the same restrictions or requirements for successive habeas petitions.").

The Court therefore dismisses Mr. Forbes' motion. [DE 186]. Because the Court has repeatedly advised Mr. Forbes that he can only file a motion attacking his conviction or sentence

if he has first received authorization from the court of appeals, the Court now cautions Mr. Forbes that if he files any further unauthorized successive attacks, under any label, he may be subject to sanctions that could include a fine or a restriction on any further filings.

SO ORDERED.

ENTERED: August 4, 2020

/s/ JON E. DEGUILIO
Chief Judge
United States District Court